JUSTIN AUGUSTINE, CA BAR #235561         THE HONORABLE NATHANAEL COUSINS
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
PH: (415) 632-5315; FAX: (415) 436-9683
jaugustine@biologicaldiversity.org

*Attorney for Plaintiff Center for Biological Diversity*

SUSAN JANE BROWN, OSB #054607, **appearance** *pro hac vice*
JOHN MELLGREN, OSB #114620, **appearance** *pro hac vice*
Western Environmental Law Center
1216 Lincoln Street
Eugene, OR 97401
PH: (541) 485-2471; FAX: (541) 485-2457
brown@westernlaw.org
mellgren@westernlaw.org

PAUL KAMPMEIER, WSBA #31560, **appearance** *pro hac vice*
WYATT GOLDING, WSBA #44412, **appearance** *pro hac vice*
Washington Forest Law Center
615 Second Avenue, Suite 360
Seattle, WA 98104
PH: (206) 223-4088; FAX: (206) 223-4280
pkampmeier@wflc.org
wgolding@wflc.org

*Attorneys for Plaintiffs Klamath-Siskiyou Wildlands Center,*
*Center for Biological Diversity, and Klamath Forest Alliance*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, *ET AL.*, | Case No. 3:13-cv-3717-NC |
| Plaintiffs, | **DECLARATION OF PAUL A. KAMPMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS, ATTORNEYS' FEES, AND OTHER LITIGATION EXPENSES** |
| v. | |
| NOAA NMFS, *ET AL.*, | |
| Defendants, | |

1    and

2    FRUIT GROWER SUPPLY COMPANY,

3                    Defendant-Intervenor.

I, Paul A. Kampmeier, hereby declare the following:

1.     I am employed by the Washington Forest Law Center and am one of the attorneys representing Plaintiffs in the above-captioned matter.  I make this declaration based on personal knowledge.  I am competent to testify if necessary.

2.     The Washington Forest Law Center (WFLC) is a non-profit law firm based in Seattle, Washington.  WFLC represents clients working to protect natural resources and forests on non-federal forestlands in the states of Washington and Oregon and, in this case, California. WFLC's three attorneys, one staff scientist, and two administrative staff help our clients work to ensure that forest practices on those lands better comply with state and federal law.

## MY BACKGROUND

3.     I received a Bachelor of Arts degree from the University of Michigan (Ann Arbor) in 1992 (with Honors) and received my Juris Doctor degree from the University of Washington School of Law in 2001 (with Honors, *Order of the Coif*).  During law school I completed the Concentration in Environmental Law.

4.     I have been licensed to practice law in the state courts of the State of Washington since 2001.  I am also a member of the Supreme Court of the United States (admitted 2011); the U.S. Court of Appeals for the Ninth Circuit (admitted 2002); the U.S. District Court for the Eastern District of Washington (admitted 2002); and the U.S. District Court for the Western District of Washington (admitted 2001).  For purposes of the above-captioned action I was admitted *pro hac vice* to the U.S. District Court for the Northern District of California in August 2013.  I am a member in good standing of each court to which I have been admitted.

1        5.      Since admission to the bar in 2001 I have focused my practice on enforcing

2  federal environmental laws in court.  Because my first job out of law school was with a small

3  environmental law firm (Smith & Lowney, PLLC), since 2001 I have been lead counsel or co-

4  lead counsel on nearly every case on which I have worked.  While at Smith & Lowney, PLLC, I

5  represented clients in Clean Water Act enforcement cases; cases arising under state and local

6  land use laws; cases arising under state and federal public records laws; and in consumer

7  protection class action litigation.  In addition to working on numerous other matters at the trial

8  and appellate court levels, in my short time at Smith & Lowney I briefed, argued, and won two

9  cases at the Washington State Court of Appeals.  *See Satsop Valley Homeowners Association v.*

10  *Northwest Rock*, 126 Wash. App. 536, 108 P.3d 1247 (Div. II 2005); *Weber v. P&D*

11  *Development*, 122 Wash. App. 1028 (Div. II 2004).

12        6.      Since 2005 I have focused my practice on federal environmental litigation under

13  the Endangered Species Act, the Clean Water Act, the Administrative Procedure Act, the

14  Freedom of Information Act, and federal coastal zone laws.  *See*, *e.g.*, *Northwest Environmental*

15  *Defense Center v. Decker, et al.*, 133 S.Ct. 1326 (2013).

16        7.      I often lecture on environmental litigation at the University of Washington School

17  of Law and the Seattle University School of Law.  I have also given lectures on environmental

18  law at Harvard Law School, Stanford Law School, and Lewis and Clark Law School, and I

19  regularly present on environmental litigation at Continuing Legal Education seminars in Oregon

20  and Washington.  I have also published articles on environmental litigation.  My resume setting

21  forth many of my qualifications is attached to this Declaration as Exhibit A.

22

23

24  DECLARATION OF PAUL KAMPMEIER
IN SUPPORT OF MOTION FOR COSTS & FEES
Case No. 3:13-cv-3717-NC – Page 2

8.      Since 2005 I have represented clients in numerous court cases related to northern spotted owls.  For example, starting in 2005 I represented the Seattle Audubon Society and the Kittitas Audubon Society in developing and prosecuting an Endangered Species Act case against the U.S. Fish and Wildlife Service for that agency's failure to complete a northern spotted owl recovery plan.  The plaintiffs obtained a favorable settlement in that case.  *Seattle Audubon Society v. Kempthorne*, Case 2:05-cv-01835-RSL (W.D. Wash.) (Judge Robert Lasnik).

9.      Starting in 2006 I and others represented the Seattle Audubon Society and the Kittitas Audubon Society in developing and prosecuting an Endangered Species Act lawsuit against the Weyerhaeuser Company, the administrative chief of the Washington Department of Natural Resources, and other defendants for authorizing or conducting forest practices on private land that allegedly resulted in prohibited "take" of northern spotted owls in Washington.  The plaintiffs obtained a preliminary injunction and favorable settlement in that case.  *Seattle Audubon Society v. Sutherland, et al.*, Case No. C06-1608 MJP (W.D. Wash.) (Judge Marsha Pechman).

10.     In 2007 and 2008, I and an attorney at Earthjustice represented numerous environmental groups in advocacy related to the U.S. Fish and Wildlife Service's development of a draft northern spotted owl recovery plan.  Along with Earthjustice, I then represented around fifteen plaintiffs in a federal court challenge to the 2008 Final Recovery Plan for the Northern Spotted Owl and the related 2008 Revised Designation of Critical Habitat for the Northern Spotted Owl.  The plaintiffs prevailed in that case in September 2010.  *Carpenters Industrial Council v. Salazar*, 734 F.Supp.2d 126 (D.D.C. 2010).  WFLC and Earthjustice then continued to

DECLARATION OF PAUL KAMPMEIER
IN SUPPORT OF MOTION FOR COSTS & FEES
Case No. 3:13-cv-3717-NC – Page 3

1   represent many of the plaintiffs during the U.S. Fish and Wildlife Service's development of a

2   revised northern spotted owl recovery plan in 2011.

3        11.   Starting in July 2009 I represented the Audubon Society of Portland and two other

4   organizations in efforts related to the Oregon Department of Forestry's development of a

5   northern spotted owl safe harbor agreement for private forestlands in Oregon.  A safe harbor

6   agreement is an Endangered Species Act-based habitat management program very similar to the

7   Habitat Conservation Plan at issue in this case.  My work on the safe harbor agreement

8   eventually resulted in a lawsuit by the Audubon Society of Portland against the U.S. Natural

9   Resources Conservation Service's (NRCS) under the Freedom of Information Act, 5 U.S.C. §

10   552.  Audubon prevailed in that lawsuit.  *Audubon Soc'y of Portland v. United States Natural*

11   *Res. Conservation Serv.*, 841 F. Supp. 2d 1182 (D. Or. 2012).

12        12.   All of these cases were efforts to gain better protections for northern spotted owls

13   trying to persist on non-federal forestlands in Washington, Oregon, and California.  Because of

14   my past practice I have a unique expertise and understanding of how state and federal laws apply

15   to threatened and endangered species inhabiting non-federal forestlands.

16        13.   Like most lawyers I am very busy.  However, because I have unique experience

17   and information that is directly relevant to this case, including my extensive experience with the

18   Endangered Species Act, my knowledge of northern spotted owl biology, and my extensive

19   federal court litigation experience challenging federal agency action as it relates to northern

20   spotted owls and private timberlands, WFLC agreed to represent the Plaintiffs in this matter.

21

22

23

24   DECLARATION OF PAUL KAMPMEIER
     IN SUPPORT OF MOTION FOR COSTS & FEES
     Case No. 3:13-cv-3717-NC – Page 4

1

**MY ATTORNEY TIME AND HOURLY RATES**

2       14.     WFLC represents Plaintiffs in this case on a contingency fee basis.  WFLC did

3   not receive payment for legal services from Plaintiffs but reserved its right to seek costs and fees

4   in the event that Plaintiffs won or favorably settled this litigation.

5       15.     Attached to this Declaration as Exhibit B are timesheet summaries detailing the

6   time I spent rendering legal services to the Plaintiffs in this case up through June 25, 2015.  For

7   all time for which WFLC is seeking recompense at this point, I created the time records at or

8   around the time at which the work was performed and the time summaries accurately reflect the

9   time I worked.  As detailed in and justified by those timesheet summaries, at this time WFLC is

10  seeking compensation for 332.25 hours of my attorney time.  *See* Exhibit B.  In the event the

11  parties are unable to settle costs and fees, WFLC will seek additional compensation for legal

12  services I provided to Plaintiffs after June 25, 2015.

13      16.     All the hours I expended on this case were necessary to achieve a successful

14  result.  All the time I spent on this case is reasonable given the value of the legal services

15  provided to Plaintiffs and the level of success we achieved in the litigation.  My involvement in

16  this case reduced the overall time expended because of the efficiencies I was able to introduce by

17  applying my specialized knowledge of the underlying substantive issues, both legal and factual.

18      17.     WFLC is seeking compensation for my time at the hourly rate of $550.  As part of

19  my work for WFLC I often settle my client's claims for costs and attorneys' fees.  Because of

20  that work I keep myself knowledgeable about reasonable market rates for attorneys with my

21  experience by reading available fee decisions and talking with my colleagues in the

22  environmental litigation community.  Additionally, in the course of negotiating cost and fee

23

24  DECLARATION OF PAUL KAMPMEIER
    IN SUPPORT OF MOTION FOR COSTS & FEES
    Case No. 3:13-cv-3717-NC – Page 5

settlements on behalf of my clients I learn what hourly rates opposing counsel consider

reasonable and acceptable.  Based on my knowledge of attorney hourly rates, I believe the hourly

rate I am seeking is more than reasonable for attorneys with my experience.

18.    Based on the number of hours tallied in the attached timesheet summaries

(Exhibit B to this declaration), and based on the hourly rate described above, WFLC seeks

$182,737.50 for the time I spend rendering legal services to Plaintiffs in this case through June

25, 2015.  This overall fee is reasonable for my time given the efforts we made to streamline the

litigation; the complexity of the issues presented to the court; and the success we achieved on the

merits of the litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is

true and correct to the best of my knowledge.

DATED this 27th day of August, 2015, at Seattle, Washington.

_____s/ Paul A. Kampmeier_____
Paul A. Kampmeier, WSBA #31560

DECLARATION OF PAUL KAMPMEIER
IN SUPPORT OF MOTION FOR COSTS & FEES
Case No. 3:13-cv-3717-NC – Page 6